**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**MICHAEL JULIANO, REBAN JULIANO, and JAMES JULIANO,**

             **Plaintiffs,**        **1:06-CV-1139
                                                (GLS/DRH)**

         **v.**

**PATRICIA DeANGELIS, RENSSELAER COUNTY DISTRICT ATTORNEY OFFICE, REBECCA BAUSCHER, WILLIAM ROBERTS, JOSEPH AHERN, RENSSELAER COUNTY, SHELIA WILSON, MEGAN WILSON, CITY OF RENSSELAER COURT, KATHLEEN LEAHEY-ROBICHAUD, PATRICIA WEISEMANN, VALERIE GREENE, DONNA CLARK, ANDREW S. JACOBS, ANDREW C. JACOBS, MARK PRATT, JOHN HICKS, DANIEL STEWART, FREDERICK FUSCO, JAMES FRANKOWSKI, JOSEPH NORMANDIN, MATTHEW McCOY, PAUL MARTELL, CONCERNED RENSSELAER RESIDENT WEBSITE, DANIEL ZUKOWSKI, CITY OF RENSSELAER, TOWN OF EAST GREENBUSH COURT, EILEEN DONAHUE, LINDA KENNEDY, KEVIN ENGLE, TOWN OF EAST GREENBUSH, KEN BRUNO, MEDIATION MATTERS, JOHN DOE, JOHN DOES, MARY DOES, and RENSSELAER COUNTY REPUBLICAN PARTY,**

                             **Defendants.**
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|

**FOR THE PLAINTIFFS:**

MICHAEL JULIANO
Plaintiff, *Pro Se*
36 Spinnaker Lane
Murrells Inlet, South Carolina 29576

**FOR THE DEFENDANTS:**

**Patricia DeAngelis, Rensselaer County District Attorney, Rebecca Bauscher, William Roberts, Joseph Ahern, Rensselaer County, Ken Bruno**

| | |
|---|---|
| GOLDBERG, SEGALLA LAW FIRM<br>8 Southwoods Boulevard<br>Suite 300<br>Albany, New York 12211 | WILLIAM J. GREAGAN, ESQ. |

**Shelia Wilson, Megan Wilson, Donna Clark**

(No Appearances Listed)

**City of Rensselaer Court, Kathleen Leahey-Robichaud, Patricia Weisemann**

| | |
|---|---|
| HON. ANDREW CUOMO<br>New York Attorney General<br>The Capitol<br>Albany, New York 12224 | KRISTA A. ROCK<br>Assistant Attorney General |

**Andrew S. Jacobs, Andrew**

2

**C. Jacobs**

| | |
|---|---|
| OFFICE OF E. STEWART JONES<br>Office of E. Stewart Jones, Jr.<br>28 Second Street<br>Jones Building<br>Troy, New York 12180 | GEORGE E. LaMARCHE III.,<br>ESQ. |

**Mark Pratt, John Hicks<br>Daniel Stewart, Frederick Fusco,<br>James Frankowski, Joseph Normandin,<br>Matthew McCoy, Paul Martell, City of<br>Rensselaer**

| | |
|---|---|
| CARTER, CONBOY LAW FIRM<br>20 Corporate Woods Boulevard<br>Albany, New York 12211 | JAMES A. RESILA, ESQ. |

**Daniel Zukowski (Concerned Rensselaer Resident Website)**

DANIEL ZUKOWSKI
*Pro Se*
69 Partition Street
Apt. #2
Rensselaer, New York 12144

**Town of East Greenbush Court,<br>Eileen Donahue, Linda Kennedy,<br>Kevin Engle, Town of East<br>Greenbush**

| | | |
|---|---|---|
| OFFICE OF M. RANDOLPH BELKIN<br>Century Hill Drive<br>Suite 202<br>Latham, New York 12110 | M. RANDOLPH BELKIN,<br>ESQ. | 26 |

3

**Mediation Matters**

PHELAN, PHELAN LAW FIRM
302 Washington Avenue Ext.
Albany, New York 12203

TIMOTHY S. BRENNAN, ESQ.

**Gary L. Sharpe**
**U.S. District Judge**

## MEMORANDUM-DECISION and ORDER

### I. Introduction

*Pro se* plaintiffs Michael, Reban and James Juliano (Julianos) have filed a complaint containing broad allegations against multiple public and private parties in Rensselear County. *See Dkt. No. 1.* The events giving rise to their complaint originated from an ongoing neighbor dispute with defendants Megan and Shelia Wilson. *See id.*[1] In essence, the Julianos now claim that their constitutional rights were violated during the criminal

---

[1] The court declines to recite a detailed facts section given the incomprehensible nature of the complaint. *See Dkt. No. 1.* In sum, the dispute at the heart of this action began with what the Julianos characterize as ongoing harassment on behalf of their neighbors, the Wilsons. The Wilsons' conduct included, *inter alia,* stealing private property from their front yard, verbal attacks, and unwanted videotaping. The Julianos claim that this harassment was part of a conspiracy against them due to their familial relation to Frederick Fusco, the City of Rensselear Police Chief. Following several police interventions, the presiding County Judge did not issue an arrest warrant for the Wilsons but instead ordered both parties (the Julianos and Wilsons) to enter into mediation. A resolution was not reached through mediation, and the Julianos continued to seek prosecution of the Wilsons. The Julianos now contend that the court-ordered mediation and subsequent criminal prosecution of the Wilsons violated their rights due to the defendants' conspiracy against them.

4

prosecution of the Wilsons. *See id.*[2] However, at this juncture, there are simply no discernable facts alleged thus far that trigger constitutional protection. For the reasons that follow, the currently pending motions to dismiss are denied with leave to renew, and the Julianos are directed to file an amended complaint within thirty days to avoid the dismissal of this action. *See Dkt. Nos. 15, 17, 20, 24, 29 & 36.*

## II. Discussion

The Julianos seek to vindicate their constitutional rights through 42 U.S.C. § 1983. *See German v. Fed. Home Loan Mortg. Corp.*, 885 F. Supp. 537, 573 (S.D.N.Y. 1995) (citation omitted) ("§ 1983 establishes a cause of action 'for the deprivation of any rights, privileges, or immunities secured by the Constitution[.]'").[3] Specifically, they claim violations of their Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights. They name

---

[2] Specifically, the Julianos claim that the defendants' conduct violated the following constitutional rights: (1) equal protection, (2) freedom from unlawful search and seizure, (3) freedom from unlawful retention of property, (4) freedom from unlawful arrest or imprisonment, (5) right to due process, (6) freedom from excessive force, (7) denial of liberty, and (8) right to counsel. *See Dkt. No. 1.*

[3] The Julianos also assert a claim under 42 U.S.C § 1985. This provision provides a federal cause of action for a party alleging that defendants conspired to deprived him of his constitutional rights. *See generally Griffin v. Breckenridge*, 403 U.S. 88 (1971). Moreover, the statute has been interpreted by the Supreme Court as requiring "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Id.* at 102. At this juncture, the Julianos have not alleged any possible class-based animus sufficient to state a claim under § 1985.

5

thirty-two defendants in their complaint. However, the vast majority of these defendants are not state actors and therefore cannot be sued for constitutional violations under § 1983. *See Rounseville v. Zahl*, 13 F.3d 625, 628 (2d Cir. 1994) (parties may not be held liable under 42 U.S.C. § 1983 unless they have acted under the color of state law). Moreover, even if some of these defendants could be sued under § 1983, the Julianos' complaint fails to state a claim upon which relief may be granted. Simply put, even when broadly construed given their *pro se* status, the facts alleged are insufficient to rise to the level of a constitutional violation. The court will now briefly address some of the constitutional deficiencies present in the complaint.[4]

### (1) *Monell* Claim

---

[4] It is also noted that the court is not satisfied that the Julianos have established preliminary standing requirements. In particular, plaintiffs must "satisfy three elements to come within the judicial power of the federal courts." *L.A.M. Recovery, Inc. v. Dep't of Consumer Affairs*, 377 F. Supp. 2d 429, 437 (S.D.N.Y. 2005). "First and foremost, there must be alleged (and ultimately proved) an injury in fact-a harm suffered by the plaintiff that is concrete and actual or imminent, not conjectural or hypothetical." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103 (1998) (internal quotation marks and citation omitted). "Second, there must be causation-a fairly traceable connection between the plaintiff's injury and the complained - of conduct of the defendant." *Id.*; *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). "[T]hird, there must be redressability - a likelihood that the requested relief will redress the alleged injury." *Id.*; *see also Denney v. Deutsche Bank AG*, 443 F.3d 253, 263 (2d Cir. 2006) (citing *Lujan*, 504 U.S. at 561).

Here, it is not clear what connection, if any, plaintiff James Juliano has to this action besides his familial relation to Michael Juliano (they are brothers). Second, it is not evident that the Julianos suffered any actual injury caused by the defendants since they have failed to allege a cause of action under § 1983.

6

The Julianos' claims against the City of Rensselaer are deficient because they have not alleged a custom or policy that caused a deprivation of their constitutional rights. *See Monell v. Dep't of Social Services,* 436 U.S. 658 (1978). The mere conclusory assertion that a municipality has such a custom or policy in the absence of supporting factual allegations is itself insufficient to establish a *Monell* claim. *See Dwares v. City of New York*, 985 F.2d 94 (2d Cir. 1993). Here, the Julianos have not alleged that the City of Rensselaer promulgated a custom or policy that violated their constitutional rights.[5] For these reasons, at this juncture, the Julianos have failed to state a viable *Monell* claim.

**(2) Fourth Amendment Claims**

The Julianos also broadly assert violations of their Fourth Amendment rights. The Fourth Amendment protects against unreasonable seizures of property. *See Soldal v. Cook County, Ill.*, 506 U.S. 56, 62 (1992). Moreover, "reasonableness is still the ultimate standard under the Fourth Amendment." *Id.* at 71 (internal quotation marks and citation omitted). To determine what is reasonable, the court must carefully

---

[5]The court also notes that the many of the officials named as defendants are entitled to immunity. *See Gan v. City of New York*, 996 F.2d 522 (2d Cir. 1993).

7

balance the governmental and private interests at stake.  *See id.*  Here, the Julianos have alleged no facts to suggest that the government seized their property, resulting in a violation of their Fourth Amendment rights.  For these reasons, at this juncture, the Julianos have failed to state a viable Fourth Amendment claim

### (3) Fourteenth Amendment Claims

Under § 1983, a due process claim "must allege the deprivation of a constitutionally protected interest." *Abramson v. Pataki*, 278 F.3d 93, 99 (2d Cir. 2002).  To have a protected interest, a person must have a "legitimate claim of entitlement to it." *Id.* (internal quotation marks and citation omitted).  "An abstract need, desire or expectation is not enough." *Id.*  Specifically, "to state a claim for violation of due process, a plaintiff must allege that there was deprivation of life, liberty, or property without proper notice and an opportunity to be heard." *Luessenhop v. Clinton County, N.Y.,* 378 F. Supp. 2d 63, 67 (N.D.N.Y. 2005).  Due process requires that notice is "reasonably calculated" under the circumstances to apprise interested parties of the pendency of the action.  *See id.*  Here, the Julianos have failed to allege a deprivation of life, liberty or property by a state actor.  Therefore, at this juncture, they have failed to state a viable

8

claim under the Fourteenth Amendment.

### (4) Fifth Amendment

The complaint alleges violations of the Fifth Amendment. However, the Fifth Amendment applies to federal, not state actors. *See Snow v. Vill. of Chatham*, 84 F. Supp. 2d 322, 326-27 (N.D.N.Y. 2000). Here, the Julianos have not named federal officers as defendants in this action. For these reasons, at this juncture, the Julianos have failed to state a viable Fifth Amendment claim.

### (5) Sixth Amendment

The Julianos allege that they were denied right to counsel. However, Sixth Amendment rights are only held by accused persons subject to criminal prosecutions. *See Gatson v. Selsky,* 94-CV-292, 1997 WL 159258, at *5 (N.D.N.Y. Apr. 4, 1997). Here, the Julianos were never the subject of any criminal charges. Therefore, at this juncture, they have failed to state a viable claim under the Sixth Amendment.

### (6) Eighth Amendment

Likewise, the Julianos claim that their Eighth Amendment rights have been violated. However, there are no facts alleged in the complaint to support this claim. *See generally Browning-Ferris Indus. of Vt., Inc. v.*

9

*Kelco Disposal, Inc.*, 492 U.S. 257, 262 (1989) (Eighth Amendment protects against excessive bail and cruel and unusual punishment primarily in the criminal context). For these reasons, at this juncture, the Julianos have failed to state a viable Eighth Amendment claim.

### III.  Conclusion

For the reasons stated herein, and because the Julianos are *pro se* plaintiffs, the court will allow the Julianos an additional thirty days to amend their complaint. At that time, defendants may renew their motions to dismiss on the same or supplemental papers.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the Julianos may **AMEND** their complaint (**Dkt. No. 1**) within **THIRTY DAYS (30)** of this Order's filing date or face dismissal; and it is further

**ORDERED** that the defendants' motions to dismiss (**Dkt. No. 15, 17, 20, 24, 29, & 36**) are **DENIED** with leave to renew on the same or supplemental papers; and it is further

**ORDERED** that the Clerk of the Court provide copies of this Order to the parties.

**IT IS SO ORDERED.**

April 30, 2007
Albany, New York

Gary L. Sharpe
U.S. District Judge

11