**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**MICHAEL JULIANO,**

      Plaintiff,      1:06-CV-1139
                 (GLS/DRH)

    v.

**PATRICIA DeANGELIS,**
**RENSSELAER COUNTY DISTRICT**
**ATTORNEY OFFICE, REBECCA**
**BAUSCHER, WILLIAM ROBERTS,**
**JOSEPH AHERN, RENSSELAER**
**COUNTY, SHELIA WILSON, MEGAN**
**WILSON, CITY OF RENSSELAER**
**COURT, KATHLEEN LEAHEY-**
**ROBICHAUD, PATRICIA WEISEMANN,**
**VALERIE GREENE, DONNA CLARK,**
**ANDREW S. JACOBS, ANDREW C.**
**JACOBS, MARK PRATT, JOHN HICKS,**
**DANIEL STEWART, FREDERICK FUSCO,**
**JAMES FRANKOWSKI, JOSEPH NORMANDIN,**
**MATTHEW McCOY, PAUL MARTELL,**
**CONCERNED RENSSELAER RESIDENT**
**WEBSITE, DANIEL ZUKOWSKI, CITY OF**
**RENSSELAER, TOWN OF EAST GREENBUSH**
**COURT, EILEEN DONAHUE, LINDA KENNEDY,**
**KEVIN ENGLE, TOWN OF EAST GREENBUSH,**
**KEN BRUNO, MEDIATION MATTERS, JOHN DOE,**
**JOHN DOES, MARY DOES and RENSSELAER**
**COUNTY REPUBLICAN PARTY,**

          Defendants.
_____

  **APPEARANCES:**          **OF COUNSEL:**

**FOR THE PLAINTIFF:**

MICHAEL JULIANO
Plaintiff, *Pro Se*
36 Spinnaker Lane
Murrells Inlet, South Carolina 29576

**FOR THE DEFENDANTS:**

**DeAngelis, Rensselaer
County District Attorney,
Bauscher, Roberts, Ahern
Rensselaer County, Bruno**

GOLDBERG, SEGALLA LAW FIRMWILLIAM J. GREAGAN, ESQ.
8 Southwoods Boulevard
Suite 300
Albany, New York 12211

**City of Rensselaer Court,
Leahey-Robichaud, Weisemann**

HON. ANDREW CUOMOKRISTA A. ROCK
New York Attorney GeneralAssistant Attorney General
The Capitol
Albany, New York 12224

**Jacobs, Jacobs**

OFFICE OF E. STEWART JONESGEORGE E. LaMARCHE III.,
Office of E. Stewart Jones, Jr.ESQ.
28 Second Street
Jones Building
Troy, New York 12180

**Pratt, Hicks, Stewart, Fusco,**

2

**Frankowski, Normandin, McCoy, Martell, City of Rensselaer**

| | |
|---|---|
| CARTER, CONBOY LAW FIRM<br>20 Corporate Woods Boulevard<br>Albany, New York 12211 | JAMES A. RESILA, ESQ. |

**Zukowski (Concerned Rensselaer Resident Website)**

DANIEL ZUKOWSKI
*Pro Se*
69 Partition Street
Apt. #2
Rensselaer, New York 12144

**Town of East Greenbush Court, Donahue, Kennedy, Engle Town of East Greenbush**

| | |
|---|---|
| OFFICE OF M. RANDOLPH BELKIN<br>26 Century Hill Drive<br>Suite 202<br>Latham, New York 12110 | M. RANDOLPH BELKIN, ESQ. |

**Mediation Matters**

| | |
|---|---|
| PHELAN, PHELAN LAW FIRM<br>302 Washington Avenue Ext.<br>Albany, New York 12203 | TIMOTHY S. BRENNAN, ESQ. |

**Wilson, Wilson, Clark**

(No Appearances Listed)

**Gary L. Sharpe**

3

**U.S. District Judge**

**MEMORANDUM-DECISION and ORDER**

*Pro se* plaintiff Michael Juliano moves pursuant to Local Rule 7.1(g) for reconsideration of this court's July 17, 2007 order dismissing his second amended complaint in its entirety. *See Dkt. Nos. 57, 63*.[1] Motions for reconsideration proceed in the Northern District of New York under Local Rule 7.1(g).[2] The moving party must "point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

"In order to prevail on a motion for reconsideration, the movant must satisfy stringent requirements." *In re C-TC 9th Ave. P'ship v. Norton Co.*,

---

[1] Juliano moves the court for a three-judge panel. *See Dkt. No. 63.* The request is denied for failure to comply with Northern District of New York Local Rule 9.1. *See* N.D.N.Y. R. 9.1.

[2] Northern District of New York Local Rule 7.1(g) provides:

> [m]otions for reconsideration or reargument, unless Fed. R. Civ. P. 60 otherwise governs, may be filed and served no later than TEN CALENDAR DAYS after the entry of the challenged judgment, order, or decree. All motions for reconsideration shall conform with the requirements set forth in L.R. 7.1(a)(1) and (2). The briefing schedule and return date applicable to motions for reconsideration shall conform to L.R. 7.1(b)(2)....Motions for reconsideration or reargument will be decided on submission of the papers, without oral argument, unless the Court directs otherwise.

N.D.N.Y. R. 7.1(g).

4

182 B.R. 1, 2 (N.D.N.Y. 1995). Generally, the prevailing rule "recognizes only three possible grounds upon which motions for reconsideration may be granted; they are (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice." *Id.* at 3 (citation omitted). "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader*, 70 F.3d at 257. "[A]ny litigant considering bringing a motion for reconsideration must evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement between the Court and the litigant." *Gaston v. Coughlin*, 102 F. Supp. 2d 81, 83 (N.D.N.Y. 2000) (citation omitted).

   Overall, Juliano has failed to demonstrate any of the three grounds for reconsideration. He has not demonstrated an intervening change in controlling law, nor has he articulated any clear legal error. The court has previously outlined the numerous deficiencies present in Juliano's complaint. *See Dkt. No. 49.* Juliano continuously fails to provide the court with a coherent factual recitation to support his claims. Without a coherent complaint, the court cannot determine the operative facts, and what merit, if

5

any, Juliano's claims hold.

With that being said, in his motion for reconsideration, Juliano claims that the complaint should not be dismissed because he has successfully plead a First Amendment retaliation claim.

> To prevail on this free speech claim, plaintiff must prove: (1) he has an interest protected by the First Amendment; (2) defendants' actions were motivated or substantially caused by his exercise of that right; and (3) defendants' actions effectively chilled the exercise of his First Amendment right.

*See Curley v. Vill. of Suffern*, 268 F.3d 65, 73 (2d Cir. 2001).[3]  Here, Juliano claims that defendants, acting together, initiated a campaign of harassment against him because of his family connections, his political views, and his filing complaints against public officers in Rensselaer.  *See Dkt. No. 57.*  In support of this contention, Juliano states that during the criminal investigation of his neighbor dispute with the Wilsons, the defendants had improper ex-parte conferences.  *See Dkt. No. 62.*  Having reviewed the complaint, the court does not understand the correlation

---

[3]Other Second Circuit cases have taken similar but distinguishable approaches to the *prima facie* elements that a private citizen, as opposed to a public employee, is required to show retaliation under the First Amendment.  *See Gill v. Pidlypchak,* 389 F.3d 379, 380 (2d Cir. 2004); *see also Dougherty v. Town of Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 91 (2d Cir. 2002).  While the first two prongs are identical, these cases require that the plaintiff show (3) an adverse action against the plaintiff, and (4) a casual connection between the adverse action and the defendants' conduct.  *See id.*

6

between this conclusory allegation and the *prima facie* elements required under *Curley.* At the very least, Juliano fails to show how his rights were chilled by defendants' actions. Therefore, because there is no discernable factual basis for his claims, Juliano's arguments are meritless. Similarly, Juliano's conspiracy claims are conclusory and offer nothing more than accusations unsupported by a coherent set of facts. Accordingly, Juliano's motion for reconsideration insofar as it pertains to his First Amendment and conspiracy claims is denied.

The only argument that could be construed as a basis for reconsideration is Juliano's "class of one" equal protection claim. *See Dkt. No. 63.*[4] The Equal Protection Clause of the Fourteenth Amendment requires the government to treat all similarly situated people alike. *See Harlen Associates. v. Inc. Vill. of Mineola*, 273 F.3d 494, 499 (2d Cir. 2001). While the Equal Protection Clause is most commonly used to bring claims alleging discrimination based on membership in a protected class, where, as here, the plaintiff does not allege membership in such a class, he can still prevail in what is known as a "class of one" equal protection claim. *See*

---

[4]The court notes that this is the first time Juliano has raised a "class of one" theory in support of his equal protection claim. While a motion for reconsideration is not an opportunity to raise new arguments, considering that Juliano is *pro se*, the court will nonetheless discuss the merits of this claim.

7

*Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (a valid equal protection claim may be brought by a class of one "where the plaintiff alleges that he has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment."); *see also Skehan v. Vill. of Mamaroneck*, 465 F.3d 96, 110 (2d Cir. 2006).  "In order to succeed on a 'class of one' claim, the level of similarity between plaintiffs and the persons with whom they compare themselves must be extremely high."  *Neilson v. D'Angelis*, 409 F.3d 100, 105 (2d Cir. 2005) (citing *Purze v. Vill. of Winthrop Harbor*, 286 F.3d 452, 455 (7th Cir.2002) ("In order to succeed, the [plaintiffs] must demonstrate that they were treated differently than someone who is prima facie identical in all relevant respects.").  The Second Circuit has also held that a "class of one" plaintiff is not required to allege specific instances of how others similarly situated were treated differently, such as "naming names."  *See DeMuria v. Hawkes*, 328 F.3d 704 (2d Cir. 2003) (general allegations supported by the record that defendant officer's application of a different standard of police protection than typically afforded other town residents sufficient).  *DeMuria's* holding, however, is not inconsistent with *Neilson's* requirement that similarity between plaintiffs and the persons with whom they compare themselves be

extremely high. *See Neilson*, 409 F.3d at 105.

Here, Juliano's class of one claim is premised on his belief that Rensselaer police officers, in conjunction with the city court, should have handled the criminal investigation surrounding his neighbor dispute in a different manner. Juliano specifically argues that in other instances, someone who acted in the same manner as Shelia Wilson would have been arrested sooner. While this may or not be true, these allegations are not sufficient to bring a class of one claim. Juliano is not comparing himself to similarly situated residents of Rensselaer, but instead he is comparing Wilson's conduct to previous arrest practices. This does not meet the stringent standard as articulated in *Neilson*. Overall, Juliano's claim expresses a dissatisfaction with how his dispute was handled. He does not sufficiently plead intentional disparate treatment as required for a class of one equal protection claim. In sum, he has not alleged a sufficient ground for reconsideration. Accordingly, for the reasons stated above, Juliano's motion is denied.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Juliano's motion for reconsideration (*Dkt. No. 63*) is **DENIED**; and it is further

**ORDERED** that the Clerk of the Court provide a copy of this Order to the parties by regular mail.

**IT IS SO ORDERED.**

August 22, 2007
Albany, New York

Gary L. Sharpe
U.S. District Judge